## Commonwealth v. Garland

*Hershel J. Richman* and *Martha Traylor*, for Department of Environmental Resources.

*Alvin L. Weiss*, for appellant.

WATERS, Member of the Board, June 19, 1973.— This matter comes before the board as an appeal from the refusal by the Department of Environmental Resources (hereinafter "department") to grant a permit for a holding tank for appellant Richard Garland of Montgomery County, Pa. The department takes the position that it has no authority to grant such permits as this is entirely a township matter. The township has apparently taken no official action regarding holding tanks, and appellant is left with nowhere to turn to solve a very real problem of sewage disposal at the site of his property.

### FINDINGS OF FACT

1. Appellant Richard Garland is an adult individual owning a converted five bedroom double house on Gravel Pike, Marlboro Township, Montgomery County, Pa.

2. The premises have been unoccupied for two years and substantial work has been done to make the old house, without running water and with only a privy, into a nice living accommodation consisting of two apartments.

3. Appellant applied to the department for a permit to install a holding tank and was refused on February 22, 1973.

4. The privy which was in use at the house is a nuisance and health hazard and, although this is not of serious nature and would require no independent action on the part of the department, when a citizen on his own initiative desires to improve the situation, it is unreasonable for the department to thwart that effort.

5. Appellant is able to get a person to empty the holding tank at regular intervals, at an authorized disposal site.

6. There is some question whether the present proposed holding tank has a warning device as required by law.

7. The Township of Marlboro has not passed an ordinance regulating the use of holding tanks.

## DISCUSSION

The department in this case finds itself in the unusual position of defending the status quo when change for a better environment is clearly indicated by the facts. The position which it takes is brought about because the regulations generally give the authority to deal with holding tanks to the municipality in which it is to be located.

In this case, the township has failed to act by ordinance either granting or refusing the right to its citizens to install holding tanks in appropriate cases. We

cannot construe the township's inaction as a declaration that no one can ever have a holding tank under any circumstances. This would raise serious constitutional questions which we do not reach by this adjudication.

It is our feeling that under the regulations of the department this is an appropriate case for a permit to be issued notwithstanding the absence of township action. The regulations specifically authorize such permits where "necessary to abate a nuisance or public health hazard": Regulation 71.61(4)(b).

Appellant has spent substantial time and money to improve an old run-down unimproved house by putting in new and modern conveniences. He naturally desires to eliminate the perhaps century old outside privy with all of its unsanitary concomitance by the use of a modern holding tank and indoor plumbing. The department has refused him a permit to do so. This refusal is clearly unreasonable.

## CONCLUSIONS OF LAW

1. The board has jurisdiction of the parties and subject matter of this appeal.

2. The department does have the authority to issue permits for holding tanks under §71.61(4)(b) of its Rules and Regulations when necessary to abate a nuisance or public health hazard.

3. The holding tank permit should be issued to appellant as a means to discontinue the use of a privy which under the facts we find to be a nuisance and public health hazard.

4. The department's refusal to grant the requested permit was unreasonable under the facts of this case.

## ORDER

And now, June 19, 1973, after hearing held and due consideration of the appeal filed, the department is hereby ordered conditional upon satisfactory showing of a warning device and a contract for proper emptying, to issue a permit for the installation of a holding tank on appellant's property in Marlboro Township, Montgomery County, Pa.